UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| EARL WILLIAMS and CAROL WILLIAMS, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 4:14CV740 AGF |
| BANK OF AMERICA, | ) ) | |
| Defendant, | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's motion for leave to proceed in forma pauperis. The motion will be granted. Additionally, having reviewed the case, the Court finds that it must be dismissed under 28 U.S.C. § 1915(e).

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. ' 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it Alacks an arguable basis in either law or fact.@ Neitzke v. Williams, 490 U.S. 319, 328 (1989); Denton v. Hernandez, 504 U.S. 25, 31 (1992). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff=d 826 F.2d 1059 (4th Cir. 1987). A

complaint fails to state a claim if it does not plead Aenough facts to state a claim to relief that is plausible on its face.@ Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

**The Complaint**

Plaintiffs, who are proceeding pro se, bring this action against Bank of America under the False Claims Act and Titles VI and VIII of the Civil Rights Act of 1964. Plaintiffs allege that Defendant changed their home loan from a fixed rate to a "jumbo prime loan," which increased their monthly rate from $1,300 to $1,700. Plaintiffs further allege that Defendant refused to grant them a modification of their loan, which they could not afford to pay. Plaintiffs say this led to the foreclosure of their home. Plaintiffs seek money damages and an order vacating the foreclosure.

**Discussion**

The only private suits permitted under the False Claims Act, 31 U.S.C. '' 3729 *et seq.* (the "FCA") are qui tam actions. The United States is the "real party of interest" in an action under the FCA, and qui tam actions under the FCA may be brought only by licensed attorneys. See, e.g., U.S. ex rel. Mergent Servs. v. Flaherty, 540 F.3d 89, 93 (2nd Cir. 2008); United States v. Onan, 190 F.2d 1, 6 (8th Cir. 1951) ("[W]e do not think that Congress could have intended to authorize a layman to carry on . . . as attorney for the United States but must have had in mind that such a suit would be carried on in accordance with the established procedure which requires that only one licensed to practice law may conduct proceedings in court for anyone other than himself."). As a result, Plaintiffs FCA cause of action is legally frivolous.

Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d *et seq.* ("Title VI") states, "No person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." Plaintiffs have not alleged that they were discriminated against because of their race, color, or national origin. Nor have they alleged discrimination under any program or activity receiving federal financial assistance. As a result, Plaintiffs' Title VI cause of action fails to state a claim upon which relief can be granted.

Title VIII of the Civil Rights Act of 1964, 42 U.S.C. § 3601 *et seq.* ("Title VIII") prevents discrimination based on "race, color, religion, sex, handicap, familial status, or national origin" in residential real estate-related transactions. 42 U.S.C. § 3605. Plaintiffs have not alleged that they were subjected to unlawful discrimination. As a result, Plaintiffs' Title VIII action fails to state a claim upon which relief can be granted.

For these reasons, the Court will dismiss this action under 28 U.S.C. § 1915(e). Because Plaintiffs have failed to allege any meritorious causes of action, the Court will certify that an appeal from this dismissal would not be taken in good faith.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion to proceed in forma pauperis [ECF No. 14] is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B).

An Order of Dismissal will be filed separately.

Dated this 2nd day of June, 2014.

                                                    _/s/ Audrey G. Fleissig_____
                                                    AUDREY G. FLEISSIG
                                                    UNITED STATES DISTRICT JUDGE